UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARBEN MECO, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. 1:26-cv-13507-ADB |
| ANTONE MONIZ, et al., | * | |
| Respondents. | * | |

# **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Petitioner Arben Meco's emergency petition for writ of habeas corpus under 28 U.S.C. § 2241. [ECF No. 1 ("Petition" or "Pet.")]. Petitioner is subject to a final order of removal and challenges the legality of his detention and revocation of his supervised release. [Id. ¶ 1]. Respondents oppose the Petition, contending that Petitioner's detention is lawful and constitutional. [ECF No. 14]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner is fifty-five years old and a native and citizen of Albania. [Pet. ¶ 1]; [ECF No. 14 at 1]. He arrived in the United States on or around October 23, 1998, on a B1/B2 visa which authorized him to remain in the United States until April 22, 1999. [ECF No. 14-1]. Petitioner overstayed his visa by remaining in the United States beyond April 22, 1999, and on October 13, 1999, United States Immigration and Customs Enforcement ("ICE") issued him a Notice to Appear and commenced removal proceedings against him. [Id.]. On January 18, 2001,

Petitioner was granted voluntary departure in lieu of removal, and ordered to leave the United States by May 18, 2001. [ECF No. 14-2]. Petitioner failed to leave the country by that date, and moved to reopen his immigration proceedings. [ECF No. 14-3]. Petitioner's motion to reopen was denied by an immigration judge on May 15, 2001, [id.], and that denial was upheld by the Board of Immigration Appeals, [Pet. ¶ 20]. On February 17, 2010, ICE released Petitioner on an Order of Supervision ("OSUP"). [Id. ¶ 21]; [ECF No. 14-4]. Petitioner remained in compliance with the OSUP until he was redetained by ICE on July 27, 2026. [Pet. ¶ 21]; [ECF No. 14 at 2]. That same day, ICE revoked his OSUP and provided him with a Notice of Revocation of Release ("Notice") stating that ICE had obtained a travel document for Petitioner, see [ECF No. 14-8], and scheduled Petitioner's removal to take place no later than December 27, 2026. [ECF No. 14-6]. On July 28, 2026, ICE afforded Petitioner an informal interview to respond to the reasons for the revocation. [ECF No. 14-7]. Petitioner did not respond or produce any documents at the interview. [Id.].

On August 1, 2026, Petitioner filed this action seeking immediate release and asserting that his detention is unlawful and unconstitutional. See generally [Pet.]. Petitioner claims that the revocation of his OSUP was unlawful, [id. ¶¶ 53–59], and that his detention violates 8 U.S.C. § 1231 and the Due Process Clause of the U.S. Constitution, [id. ¶¶ 60–78]. Respondents oppose the Petition and request that the Court lift its stay of removal, [ECF No. 4], so that they can effectuate Petitioner's removal to Albania, [ECF No. 14 at 1].

## II. DISCUSSION

Under 8 U.S.C. § 1231(a)(1)(A), once an individual's order of removal becomes administratively final, ICE is directed to remove the individual within 90 days. 8 U.S.C. § 1231(a)(1)(A). At the end of the 90-day removal period, ICE can release the individual

pursuant to an Order of Supervision under § 1231(a)(3) or continue detention pursuant to § 1231(a)(6) for certain individuals, including those who have been convicted of an aggravated felony after admission, as specified in § 1227(a)(2)(A)(iii). See Quezada-Martinez v. Moniz, 722 F. Supp. 3d 7, 11 (D. Mass. 2024).

Section 1231(a)(3) dictates that noncitizens who are not removed within the removal period "shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). Pursuant to this mandate, 8 C.F.R. §§ 241.4, 241.13 set forth procedures concerning custody reviews, release from ICE custody, and revocation of release for individuals with final orders of removal. 8 C.F.R. §§ 241.4, 241.13. Section 241.4 provides general grounds for redetaining a noncitizen who is subject to a final order of removal and released under supervision. 8 C.F.R. § 241.4(l). Specifically, § 241.13(i) requires "(1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." Kong v. United States, 62 F.4th 608, 619–20 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2)). The individualized determination required by the regulation must take place before a noncitizen is redetained. 8 C.F.R. § 241.13(i)(2); see Huynh v. Wesling, No. 25-cv-13794, 2026 WL 183467, at *3 (D. Mass. Jan. 23, 2026); Munagi v. McDonald, 813 F. Supp. 3d 225, 228 (D. Mass. 2025) ("[T]he changed circumstances that make an alien's removal likely in the foreseeable future must have existed at or before the [order of supervision] revocation; post-hoc justifications are inadequate."). To determine whether changed circumstances exist, ICE is instructed to consider the factors enumerated in 8 C.F.R. § 241.13(f). Kong, 62 F.4th at 620. These factors include but are not limited to:

> the history of the alien's efforts to comply with the order of removal, the history of [ICE's] efforts to remove aliens to the country in question or to third countries,

> including the ongoing nature of [ICE's] efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f). A court considering a challenge to redetention must also review ICE's claim that removal is significantly likely in the reasonably foreseeable future in light of those same factors. Huynh, 2026 WL 183467, at *3. The government bears the burden of demonstrating that ICE properly made such a determination. Nguyen v. Hyde, 788 F. Supp. 3d 144, 150 (D. Mass. 2025).

Here, Respondents obtained a travel document for Petitioner prior to his redetention, [ECF No. 14-6], and they complied with the notification requirements set forth in 8 C.F.R. § 241.13(i)(3) by providing him with the Notice stating that Petitioner's release had been revoked because "[i]t is appropriate to enforce the removal order entered against you as ICE has the ability and means to effectuate your removal" and that "ICE has obtained a travel document and scheduled your removal to take place no later than: 12/27/2026," [id.]. Respondents also provided Petitioner with an interview and opportunity to respond to the reasons for revocation. [ECF 14-7]. On these facts, the Court finds that ICE's revocation of the OSUP and detention of Petitioner comported with the requirements established by 8 C.F.R. § 241.13. Further, because Petitioner's removal to Albania is now "not only reasonably foreseeable, but imminent," any further claim he may have under Zadvydas fails. Landin-Hernandez v. Moniz, No. 25-cv-12889 (D. Mass. Oct. 23, 2025), Dkt. No. 12 at 2 (finding that the petitioner's removal was "not only reasonably foreseeable, but imminent" which "doom[ed] his claim to relief under Zadvydas"); [ECF No. 14 at 4 ("ICE . . . is ready to remove the Petitioner as soon as this Court allows.")].[1]

[1] Petitioner claims that ICE is planning to remove him to a third country in violation of his constitutional and statutory rights, [Pet. ¶ 1]; however, Respondents assert that they are planning

## III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, [Pet.], is **DENIED**, and the Court's Order of Stay of Transfer or Removal, [ECF No. 4], is **VACATED**.

**SO ORDERED.**

October 9, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

to remove Petitioner to Albania, not a third country, [ECF No. 14 at 2 n.1]; [ECF No. 14-8]. Accordingly, the Court will disregard Petitioner's arguments regarding third-country removal.